Martin, J.
This appeal concerns Chapter 470 of The Acts of 1973, as amended, otherwise known as the “Old Kings Highway Regional Historic District Act” (the Act). Jurisdiction of the Barnstable District Court and of this division is pursuant to §11 of the Act. This appeal is premised upon the trial court’s reversal of the Old King’s Highway Regional Historic District Commissions’s (commission) denial of Sally MacRobbie’s (owner) application to install windows in a boat house situated in the historic region of Barnstable, Massachusetts.
*43 The owner applied to the Barnstable Historic District Committee (committee) for a certificate of appropriateness to make alterations on a boat house owned by her and located in Barnstable, Massachusetts. The boat house had been built by her grandfather in approximately 1900. The proposed alterations consisted of, among other things, installing windows in a windowless boat house. The committee approved the renovations except for the windows, but did not follow its guidelines which provided that if the committee made a determination against the applicant, the specific reasons for denial shall be stated in writing.[1]
The owner appealed the committee’s decision to the commission pursuant to §11 of the Act. The commission ratified the committee’s decision and the owner appealed to the court. The court ordered that acertificate of appropriateness be issued allowing the windows to be installed and the commission appealed to this division.
The function of the court is to determine if the commission exceeded it’s authority. In doing so, the court must determine if the commission acted in accordance with the purpose of the Act, and reached its decision in accordance with the factors to be considered under the Act. In making this determination, the court may hear all pertinent evidence and determine the facts and if, upon the facts so determined, the court finds that the commission exceeded its authority, the court may modify the decision of the commission and may issue such superceding approval or denial of the application with such conditions as the court in its discretion deems appropriate.
In passing upon the appropriateness of installing windows in the windowless boat house, the commission had no authority to prohibit their installation unless the windows would be obviously incongruous to the purposes of the Act.[2] The purposes are primarily to preserve historical landmarks and insure compatibility with other structures.[3] The trial judge found that the windows would not be incongruous or historically inappropriate. These findings of fact are final and conclusive[4] if these findings are supported by substantial evidence.
There was evidence that the boat house had been constructed in approximately 1900, was approximately 32 feet long by 22 feet wide, and was in a highly deteriorated condition. Expenses involved in stabilizing the building were in excess of $25,000, and it would take $30,000 to $35,000 to complete the restorations. The boat house had been used to store up to 3-4 boats during the winter and had also been used to store gear, tackle and other fishing related items as well as also having some recreational *44 use. No windows were placed in the building because, at the time of construction, the location of the building was very isolated, and the expense of installing windows atthat time was a consideration. There are two other boat houses in the Barnstable Village area, both of which have windows. This boat house was unique in that it was the only one the various witnesses could recall anywhere on Cape Cod that had no windows.[5] The addition of windows would provide both light and ventilation to the boat house which is very hot in the summer. The windows would be compatible with the appearances of the present day neighborhood.
Based on this evidence, we find no error in the trial judge’s determination that the installation of the windows is not incongruous with the purpose of the Act.
Report dismissed.

 In the circumstances of this case, the failure of the committee to give reasons for the denial does not require a remand.

 Act, Section 10. “In passing upon aunronriateness. the Committee shall consider, among other things, the historical value and significance of the building or structure, the general design, arrangement, texture, material and color of the features, sign or billboard involved and the relation of such factors to similar factors of buildings and structures in the immediate surroundings. The Committee shall consider settings, relative size of buildings and structures, but shall not consider detailed designs, interior arrangement and other building features not subject to public view. The Committee shall not make any recommendations or requirements except for the purposes of preventing changes in exterior architectural features obviously incongruous to the purposes set forth in this Act. The Committee shall consider the energy advantage of any proposed solar or wind device." (Emphasis added.)

 Act, Section 1. “The purpose of this Act is to promote the general welfare of the inhabitants of the applicable regional member towns so included, through the promotion of the educational, cultural, economic, aesthetic and literary significance through the preservation and protection of buildings, settings and places within the boundaries of the regional district and through the development and maintenance of appropriate settings and the exterior appearance of such buildings and places, so as to preserve and maintain such regional district as a contemporary landmark compatible with the historic, cultural, literary and aesthetic tradition of Barnstable County, as it existed in the early days of Cape Cod, and through the promotion of its heritage.” (Emphasis added.)

 Act, Section 11.

 The commission also seeks review of the admission into evidence of various photographs and pictures from books showing other boat houses in other areas of Cape Cod, on the grounds that they are not relevant If there was in existence a written statement of reasons given for the rejection of the owner’s application, these photographs and pictures might very well be irrelevant. Absent such statement of reasons and the corresponding narrowing of issues, we find no error in the allowance of these photographs into evidence.